***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. Florists Mutual Insurance Company was the carrier on the risk at all times relevant herein.
4. On or about January 8, 1993, plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant-employer.
5. The parties stipulated to plaintiff's medical records from Dr. Craig Van Der Veer and Dr. David Rhinehart.
6. The parties stipulated to all North Carolina Industrial Commission pleadings, forms, transcripts and the Full Commission Opinion and Award filed October 12, 1998.
7. The issues presented are:
 a) Whether plaintiff has suffered a change of condition;
 b) Whether plaintiff is entitled to the payment of any additional benefits as a result of her alleged change of condition;
 c) Whether defendants complied with the terms and conditions of the Opinion and Award of the Full Commission dated October 12, 1998; and
 d) What additional amount, if any, is plaintiff entitled to be paid pursuant to the Full Commission's October 12, 1998 Opinion and Award.
 ***********
Based upon the findings of fact found by the Deputy Commissioner and the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant-employer on January 18, 1993.
2. Pursuant to the Opinion and Award of the Full Commission filed October 12, 1998, plaintiff's condition of cervical spondylosis and foraminal stenosis at the C6-7 level was ruled compensable. The record for the prior Opinion and Award was closed on June 20, 1997.
3. Pursuant to said Opinion and Award, defendants made payment to plaintiff of temporary total disability compensation at the rate of $201.79 per week from November 23, 1993 until June 17, 1996 subject to an award of attorney's fees. Defendants further made payment to plaintiff of compensation at the rate of $201.79 per week for 60 weeks as a result of plaintiff's 20% permanent partial impairment to her back and 10 weeks as a result of her 5% permanent partial impairment to her leg. Pursuant to the Opinion and Award, defendants were ordered to pay all medical expenses incurred by plaintiff as a result of said injury by accident on January 8, 1993, which included plaintiff's surgery for her bone fusions by Dr. Darden and Dr. Van Der Veer dated April 24, 1994 and March 15, 1996, respectively.
4. Subsequent to the Opinion and Award by the Full Commission, plaintiff testified that she received some relief but still had symptoms in her left arm. At the hearing before Deputy Commissioner Young, plaintiff testified that her symptoms eventually changed, including pain extending down into the fingers of her left hand, particularly the thumb, index and middle fingers of her left hand.
5. On December 21, 1999, plaintiff reported to her family doctor, Dr. David A. Rhinehart, more prevalent complaints regarding her arm and neck and a more prominent symptom than in the past in her thumb. Dr. Rhinehart referred plaintiff back to Dr. Van Der Veer.
6. On February 29, 2000, Dr. Van Der Veer surgically performed a microendoscopic foraminal decompression (MED) at C5-6 and C6-7.
7. In his medical records, Dr. Van Der Veer stated that the foraminal stenosis at C6-7 from plaintiff's original injury was never adequately treated, that the C6-7 MED done in February 2000 was necessitated by plaintiff's original injury and that the MED performed at C6-7 was causally related to plaintiff's January 8, 1993 injury. However, the deposition testimony of Dr. Van Der Veer reveals a strong personal bias against workers' compensation claimants, the workers' compensation system, and the North Carolina Industrial Commission. At his January 11, 2001 deposition, Dr. Van Der Veer recanted his prior opinion contained in his notes. The Full Commission gives greater weight to the opinions expressed in Dr. Van Der Veer's stipulated medical records than his deposition testimony because the operative notes were written within weeks of plaintiff's surgery.
8. Based upon the greater weight of the medical evidence, the Commission finds that plaintiff's condition changed after her March 15, 1996 surgery causing additional total disability and possibly additional permanent partial disability that require further evaluation by a neurosurgeon.
9. Due to the negative comments expressed by Dr. Van Der Veer in his deposition, the Commission does not approve further treatment by Dr. Van Der Veer and plaintiff must be sent to another neurosurgeon for evaluation of any possible additional temporary total disability or permanent partial disability.
10. Defendants have failed to pay any medical expenses relating to plaintiff's January 8, 1993 injury. Failure to pay such expenses is a direct violation of the Full Commission's October 12, 1998 Opinion and Award.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The medical treatment rendered to plaintiff subsequent to the previous Opinion and Award is for conditions causally related to plaintiff's January 8, 1993 injury by accident. Plaintiff is entitled to an objective evaluation by a physician other than Dr. Van Der Veer of her period of total disability and permanent partial disability.
2. Pursuant to the prior Opinion and Award filed by the Full Commission, defendants are responsible for payment of medical bills related thereto and the same should be paid to the medical care providers pursuant to said Opinion and Award. N.C. Gen. Stat. § 97-25.
3. Those amounts not paid by defendants pursuant to said Opinion and Award are subject to a 10% penalty pursuant to N.C. Gen. Stat. § 97-18, as well as interest according to N.C. Gen. Stat. § 97-86.2 on the unpaid compensation from October 26, 2000, the date of the initial hearing in this matter.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional medical and possible disability compensation is hereby allowed. However, further treatment by Dr. Van Der Veer is not authorized. The issues of any additional period of disability on permanent functional impairment, if any, are RESERVED for decision pending further medical evaluation. In the event the parties are unable to agree on these issues, either party may file a Form 33 Request for Hearing.
2. Defendants shall remit payment for any and all medical expenses incurred or to be incurred by the plaintiff as a result of the injury by accident of January 8, 1993, and pursuant to the previous Opinion and Award to the medical care providers as previously ordered.
3. Defendants shall pay to plaintiff a 10% penalty and interest on all sums, including reimbursement for medical expenses, not paid pursuant to the prior Opinion and Award issued in this matter. Payment of the penalty is subject to a 25% attorney fee for plaintiff's counsel, while the payment of interest is not and shall be paid entirely to plaintiff.
4. Defendants shall pay the costs.
This the ___ day of November 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/mhb